■ In the Matter of STUYVESANT INSURANCE COMPANY, Petitioner, v. STATE TAX COMMISSION, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which denied petitioner's claim for a refund of $6,750 paid pursuant to section 187 of the Tax Law. Petitioner, a domestic insurance company authorized to write several types of insurance, has its New York State bail bond business handled by a general agent, Michael Shapiro Agency, Inc. The general

---

agent in turn appoints subagents who are authorized to write bail bonds for petitioner and collect the premiums. The subagents remit 2% of the face amount of the bail bond to Michael Shapiro Agency, Inc., retaining the remainder of the premium fixed by subdivision 4 of section 331 of the Insurance Law for services performed by them. The general agent retains one half of the subagents' remittances for its services as general agent and remits the remainder to petitioner. Prior to the filing of its annual franchise tax report, pursuant to subdivision 1 of section 187 of the Tax Law for the year 1968, petitioner had been reporting as premiums subject to the franchise tax only the amounts remitted by the subagents to Michael Shapiro Agency, Inc. Pursuant to direction of the State Insurance Department, petitioner included in its annual franchise tax report for the year 1968 the entire amount paid by bail bond applicants to the subagents and paid $6,750 in excess of what it claimed was due. In May, 1970, petitioner filed a petition with the State Tax Commission for refund of $6,750. After hearing, the petition was denied, the State Tax Commission finding that the premium paid by an applicant for a bail bond and collected by the subagent on behalf of petitioner in accordance with the fee schedule contained in subdivision 4 of section 331 of the Insurance Law, constitutes gross direct premiums as defined in subdivision 1 of section 187 of the Tax Law. Petitioner contends that subdivision 1 of section 187 of the Tax Law does not apply to anything other than the remittance to its general agent, because the entire payment collected by the subagent is never received by petitioner and is therefore not a "premium" as defined by subdivision 1 of section 550 of the Insurance Law. The sum sought to be taxed herein is an integral part of the charge for a bail bond and, as such, it is a premium as defined by subdivision 1 of section 550 of the Insurance Law and is taxable pursuant to subdivision 1 of section 187 of the Tax Law (*Matter of Inter-County Tit. Guar. & Mtge. Co.* v. *State Tax Comm.,* 33 A D 2d 251, affd. 28 N Y 2d 179; cf. *Matter of Mutual Life Ins. Co. of N. Y.* v. *New York State Tax Comm.,* 38 A D 2d 95). Determination confirmed and petition dismissed, with costs. Staley, Jr., J. P., Cooke, Simons, Kane and Reynolds, JJ., concur.